On April 27, 1979 the court entered the following order:
Before Kashiwa, Judge, Presiding, Kunzig and Bennett, Judges.
This case, presented to the court on motions for summary judgment, involves the dismissal of plaintiff, formerly an attorney with the Internal Revenue Service (IRS) in Pennsylvania. He was removed from his position on February 28, 1975, for violation of five Rules of Conduct for IRS employees. His timely appeal to the Federal Employee Appeals Authority (FEAA) was unsuccessful. He was accorded a hearing on June 5, 1975. On August 30, 1975, the FEAA upheld the agency action in a detailed 20-page opinion which is a part of the record before us. That opinion discussed the charges, the evidence, and the applicable authorities in detail. It will not be necessary to do so here, as we sustain the adverse action.
The charges which sustained plaintiffs removal are summarized as follows:
*648 (1) Participation in illegal gambling in violation of Rules of Conduct §1942.32. This charge was supported by two specifications.
(2) Personal association with disreputable persons directly involved in illegal gambling operations, in violation of Rules of Conduct §1942.31. This charge was supported by two specifications.
(3) Failure to disqualify himself from official IRS estate tax examinations involving attorneys from whom he had received personal loans, in violation of Rules of Conduct §1942.83. This charge was supported by three specifications.
(4) Participation in financial transactions with attorneys under circumstances which might be construed as influencing or improperly relating to the performance of assigned governmental duties, in violation of Rules of Conduct §1942.89. This charge was supported by three specifications.
(5) Acceptance of loans of money from attorneys with whom he conducted IRS business, in violation of Rules of Conduct §1942.71. This charge was supported by three specifications.
The facts are not disputed. Plaintiff was familiar with these Rules of Conduct and, in fact, had signed a statement which acknowledged his obligation to familiarize himself with them and to abide by them. Plaintiff has not been the subject of criminal sanctions. The thrust of plaintiffs challenge to the dismissal is that his removal was based on admissions secured during interrogation of him by officers of the IRS, was without adequate warning or notice, was contrary to applicable statute and regulations, was not supported by substantial evidence, was an abuse of agency discretion, and did not promote the efficiency of the service. He seeks reinstatement, back pay, and allowances.
This court has stated the law several times with respect to adverse actions, especially as it pertains to IRS agents. In Kandall v. United States, 186 Ct. Cl. 900, cert. denied, 396 U.S. 837 (1969), plaintiff was removed to promote the efficiency of the service because of financial transactions involving purchase of an automobile from a taxpayer whose returns he had examined and approved and because of other transactions involving investments in syndicates whose officer’s tax returns he had reviewed. As in the *649 instant case, the IRS Rules of Conduct were violated. The removal was upheld, plaintiff having failed to prove that it was arbitrary, capricious, or otherwise unlawful. It was held that the determination of whether to remove an employee for the efficiency of the service is within the peculiar competence of the employing agency. Of course, the court will determine the regularity of the removal procedures under the applicable statutes and regulations. It will determine whether the removal action had a rational basis and was in good faith, or whether it was in malice, was arbitrary or capricious, and was thus not supported by substantial evidence. If the penalty is authorized, it will not be interfered with unless it is a flagrant abuse of discretion. The court held that employees of IRS must be held to strict accountability and any compromise of the integrity or morality of such employees could lead to serious consequences and a breakdown in our voluntary tax collection structure.
In Birnholz v. United States, 199 Ct. Cl. 532, 537 (1972), the court upheld a strict application of the IRS Rules of Conduct, saying: "The IRS is rightly concerned with its image of honesty and integrity. Members of the public, who must turn square corners in tax matters, demand no less of revenue officials.” These tests and these results have been followed in other cases. Giles v. United States, 213 Ct. Cl. 602, 604 n.1, 553 F. 2d 647, 648 n.1 (1977). As in the instant case, sometimes the violation of ethical standards in civilian employment cases is so egregious as to speak for itself and the nexus between the offenses and the adverse action is thus established. Here it is even simpler, for the violation of explicit agency Rules of Conduct is admitted. Cf. Strothers v. United States, ante at 642; Schnakenberg v. United States, 219 Ct.Cl. 697 (1979); Masino v. United States, 218 Ct. Cl. 531, 589 F. 2d 1048 (1978); Wathen v. United States, 208 Ct. Cl. 342, 527 F. 2d 1191 (1975), cert. denied, 429 U.S. 821 (1976); Pascal v. United States, 211 Ct. Cl. 183, 543 F. 2d 1284 (1976); Dargan v. United States, 208 Ct. Cl. 993 (1975); Hoover v. United States, 206 Ct. Cl. 640, 513 F. 2d 603 (1975); Grover v. United States, 200 Ct. Cl. 337 (1973).
An examination of each of plaintiffs attacks upon the validity of the administrative action taken against him *650 convinces us that he has not met and overcome the burden of presumption of its correctness. He has not satisfied us that there was any material violation of regulations or statutes. On the contrary, we are satisfied that the agency decision and the affirming decision of the FEAA had a rational basis, were in good faith, and were not arbitrary and capricious. Plaintiffs authorities are inapposite. It is not pleasant to see an employee with long service, family responsibilities, and veteran’s preference lose his job. But, the integrity of the federal civil service is a trust of the highest order and if breached is subject to the authorized penalties absent unusual circumstances not present here.
it is therefore ordered, upon consideration of the pleadings, motions, briefs in support thereof, the administrative record, and oral argument, that defendant’s motion for summary judgment is allowed. Plaintiffs cross-motion is denied. The petition is dismissed.