Bernard A. HUNT, Petitioner,

v.

DEPARTMENT OF HEALTH AND HU-
MAN SERVICES, SOCIAL SECURITY
ADMINISTRATION, Respondent.

Appeal No. 84–1747.

United States Court of Appeals,
Federal Circuit.

March 27, 1985.

David C. Harrison, Philadelphia, Pa., ar-
gued for petitioner.

Stephen R. Bergenholtz, Commercial Liti-
gation Branch, Dept. of Justice, Wash-
ington, D.C., argued for respondent. With
him on the brief were Richard K. Willard,
Acting Asst. Atty. Gen., David M. Cohen,
Director and M. Susan Burnett, Wash-
ington, D.C.

Before BALDWIN, KASHIWA, and BENNETT, Circuit Judges.

BENNETT, Circuit Judge.

The decision of the arbitrator, No. FMCS 83K/02304, June 20, 1984, upholding petitioner's discharge by his agency for the efficiency of the service, is affirmed.

## BACKGROUND

On July 9, 1982, petitioner was terminated from his position as a claims clerk with the Department of Health and Human Services, Social Security Administration. The agency made and sustained two charges against petitioner after considering his response: (1) participation in gambling activities in a government building while on duty for the government and (2) threatening to inflict bodily harm on his supervisor, a management official.

Petitioner sought arbitration of his removal through his union representative. Thereafter, three days of hearings were held before an arbitrator of the Federal Mediation and Conciliation Service, pursuant to procedures authorized by law, 5 U.S.C. § 7121 (1982), and a collective bargaining agreement with the agency. Petitioner was represented by his union at the hearings.

An undercover Philadelphia police detective testified that he personally observed petitioner taking gambling numbers at his desk and found documentary evidence thereof in the desk. Petitioner admitted that the discovery of numbers slips in his desk was evidence he was writing numbers. Petitioner was arrested for violation of Pennsylvania criminal law, but he was not prosecuted for reasons particular to the administrative priorities of the office of the district attorney which had nothing to do with the merits of the case. As to the charge of threatening bodily harm, the evidence was that on two occasions petitioner suggested to a management official investigating the case that he "might have to hurt" his supervisor who he believed had informed on him. The management official construed the comment as a threat of phys-

ical violence. Petitioner says the threat was only "conditional" and ambiguous.

The arbitrator found that running a numbers lottery on government property was illegal and that petitioner participated therein. He further found that the credible evidence fully supported both the gambling charge and the fact that petitioner had attempted intimidation of the supervisor by statements perceived as threats of bodily harm. He concluded that there was no evidence of disparate treatment in the imposition of the penalty and that removal was for the efficiency of the service.

## DISCUSSION

45 C.F.R. § 73.735–305(a) (1982) provides as follows:

*Conduct in Federal buildings*

(a) An employee shall not participate while on Government-owned or leased property or while on duty for the Government, in any gambling activity including the operation of a gambling device, in conducting a lottery or pool, in a game for money or property, or in selling or purchasing a numbers slip or ticket.

The undisputed evidence is that employees of the agency were frequently reminded of this prohibition. The purpose and need for such a regulation for government employees on duty in official quarters is manifest. We are fully satisfied that petitioner wantonly violated this regulation, that he knew about it, and that the violation warranted his removal either singly or in combination with the other offense which also warranted removal.

■ Petitioner argues strongly that the arbitrator failed to identify relevant factors which might mitigate the penalty as indicated by *Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. —— (1981). The sparse opinion of the arbitrator does not articulate the details, which, by comparison, we have come to expect when reviewing an opinion of the Merit Systems Protection Board. We can only conclude on the record before us that the arbitrator found the offenses here so egregious and

the evidence they were committed so preponderant that little discussion was believed to be needed to reach an affirmance of the agency's action. A presumption of nexus exists between the offense and the efficiency of the service in egregious circumstances, justifying discharge. *Hayes v. Department of the Navy,* 727 F.2d 1535, 1539 (Fed.Cir.1984). The arbitrator found petitioner's assertion lacking in credibility that the numbers slips found in his possession were mere "shopping lists for furniture."

■ The arbitrator did list management's own consideration of the issues in which it made reference to petitioner's prior service but found that the intentional misconduct identified by the two charges "far outweigh[s] any mitigating factors that could be raised on his behalf." In any event, it is not per se reversible error for an arbitrator's opinion to fail to address the *Douglas* opinion specifically where the court finds, as we do, no conflict between the two. *Devine v. Sutermeister,* 724 F.2d 1558, 1565 (Fed.Cir.1983). "Whether the guidelines established in *Douglas* were followed is but one factor to be noticed in our review." *Nagel v. Department of Health & Human Services,* 707 F.2d 1384, 1387 (Fed.Cir.1983). Application of the *Douglas* factors in a detailed manner in the present case would not support mitigation of the penalty, for the evidence is just not there to do so. In any event, *Douglas* states "[o]nly if the Board finds that the agency failed to weigh the relevant factors, *or* that the agency's judgment clearly exceeded the limits of reasonableness, is it appropriate for the Board then to specify how the agency's decision should be corrected to bring the penalty within the parameters of reasonableness." 5 MSPB at 333, —— M.S. P.R. at ——. (Emphasis added.)

Petitioner belittles his offenses and his able counsel's brief insists that the arbitrator made a decision not supported in fact or law, that he ignored the evidence, that he received incompetent evidence, that he prejudged the case, and that he ignored petitioner's prior work record. We do not find these arguments sufficiently persuasive or determinative to require reversal although we have considered them carefully.

Petitioner also argues that the agency here had no guidelines for penalties and no table of penalties. This is not disputed by the respondent. We have not been shown that this is a requirement of the law. Petitioner's argument is that absent such guidelines an agency can be arbitrary and capricious without any check and that it permits a government of men, not laws. The very fact that we are reviewing the case for reasonableness of the penalty destroys this argument. We do think that good administrative practice strongly suggests the wisdom of adopting a table of penalties as many agencies have done.

Finally, petitioner argues there are no reported appellate court decisions or Merit Systems Protection Board opinions which support a discharge for gambling. From this, petitioner argues that the government does not consider violation of its anti-gambling regulation a serious offense meriting more than a brief suspension. It is claimed that gambling is rampant throughout the Social Security Administration and, indeed, "passively if not actively encouraged by management." We do not think that the evidence shows this to be true or, even if it did, that it would affect the result reached here or support petitioner's argument that the penalty was arbitrary, capricious, disparate, and therefore unlawful. *Schapansky v. Department of Transportation,* 735 F.2d 477 (Fed.Cir.1984).

■ As to the argument about a dearth of precedent for the discharge of those government employees who violate the anti-gambling regulation, we note petitioner has not denied that he committed the offense charged. He would instead distinguish *Ricci v. United States,* 507 F.2d 1390, 205 Ct.Cl. 687 (1974), *Moderacki v. United States,* 513 F.2d 640, 206 Ct.Cl. 871 (1975), and *Wynne v. United States,* 618 F.2d 121, 220 Ct.Cl. 647 (1979), on their facts. In those cases, removals for gambling were sustained although it is true that some other issues were involved and

had a bearing on the penalty imposed. However, to the extent relevant, those precedents are binding on us. *South Corp. v. United States,* 690 F.2d 1368, 1370–71 (Fed.Cir.1982). In this case we squarely decide that a violation of the anti-gambling regulation, even for a first-time offense, is punishable by removal for the efficiency of the service where the evidence to support the charge is substantial and credible, and the decision is not arbitrary, capricious, or unlawful. 5 U.S.C. § 7703(c) (1982). By these tests we reject the challenge to the severity of the penalty in this case for violation of the anti-gambling regulation. The penalty of discharge for threats of bodily harm by an employee upon the person of a supervisor has been judicially approved heretofore. *See Meehan v. United States Postal Service,* 718 F.2d 1069 (Fed. Cir.1983); *Gaskins v. United States,* 227 Ct.Cl. 563 (1981).

## CONCLUSION

◼ Our statutory scope of review is narrow. Determination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency. *Miguel v. Department of the Army,* 727 F.2d 1081, 1083 (Fed.Cir.1984). Whether we would have chosen a different penalty is irrelevant. The court's responsibility is to determine whether the action taken was an abuse of discretion, arbitrary, capricious, in violation of statute, regulation or authorized procedure, or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982). If the penalty imposed can pass these tests, it will be upheld as having a rational and lawful basis. *Hayes v. Department of the Navy,* 727 F.2d 1535 (Fed. Cir.1984). We review the arbitrator's decision in a personnel case under the same standards of review governing appeals from the Merit Systems Protection Board. 5 U.S.C. § 7121(f) (1982). *Grigsby v. Department of Commerce,* 729 F.2d 772 (Fed. Cir.1984). Pursuant to this authority, we discern no basis to reverse the arbitrator's decision in this case.

AFFIRMED.