837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas REYNOLDS, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, SSA, Respondent.
 No. 87-3474.
 United States Court of Appeals, Federal Circuit.
 Dec. 8, 1987.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The award of the arbitrator, F.M.C.S. Case No. 86K/25053-June 13, 1987, mitigating the penalty of removal and restoring Thomas Reynolds to his position with the Social Security Administration, without back pay or benefits, is affirmed.
 
 OPINION
 
 2
 The arbitrator found that the agency had sustained the charge that Reynolds had violated the agency's standards of conduct when he sexually assaulted his supervisor. However, the arbitrator determined that the removal penalty should be mitigated and ordered Reynolds restored no later than July 1, 1987, to his position without back pay and benefits. Reynolds appeals the arbitrator's determination and seeks fully retroactive reinstatement.
 
 
 3
 Substantial evidence supports the arbitrator's finding that the agency proved by a preponderance of the evidence that Reynolds had sexually assaulted his supervisor. Because there were no witnesses to the assault and Reynolds steadfastly denied the charges, the arbitrator necessarily made a credibility determination concerning the testimony of Reynolds and his supervisor. The arbitrator found that the supervisor's testimony regarding the incident was credible and that, when taken as a whole, the testimony and evidence, including testimony by Reynolds, proved that Reynolds had committed the sexual assualt.
 
 
 4
 Credibility determinations are within the province of the arbitrator and, as such, are virtually unreviewable. Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1985). Moreover, when the trier of fact must choose between testimony of two witnesses which cannot be corroborated or contradicted by extrinsic evidence, the Supreme Court has held that there can "virtually never be clear error." Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 575 (1985).
 
 
 5
 Notwithstanding serious charges against Reynolds, which were proved by a preponderance of the evidence, the arbitrator restored him to duty. Even so, Reynolds, not the agency, contests the award which gave him back his job. Although bordering on the frivolous, we address his contentions. The arbitrator applied the same substantive law as the Merit Systems Protection Board to reach the determination that restoring petitioner to duty without back pay and benefits was an appropriate penalty. % Cornelius v. Nutt, 472 U.S. 648, 660 (1985). He properly determined that the offense charged was serious. See Anderson v. Department of Health and Human Services, 25 M.S.P.R. 193 (1984) (penalty of removal was reasonable for threatening supervisor). The arbitrator weighed the severity of Reynolds' offense and considered his prior unblemished record of service in mitigation of the agency's removal action. It was not error for the arbitrator to fail to specifically address the Douglas opinion because there is no conflict between the award and the Douglas opinion. Hunt v. Department of Health and Human Services, 758 F.2d 608, 610 (Fed.Cir.1985).
 
 
 6
 After reviewing Reynolds' additional arguments and the submissions of the parties, we find no basis under our statutorily prescribed scope of review for setting aside the arbitrator's award. 5 U.S.C. Sec. 7703(c) (1982).