878 F.2d 1445
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Steven VORWERK, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 89-3004.
 United States Court of Appeals, Federal Circuit.
 May 18, 1989.
 
 Before FRIEDMAN, ARCHER and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Steven Vorwerk appeals the decision of the Merit Systems Protection Board (board), Docket No. SF07428710967, sustaining the decision of the United States Postal Service (service) removing him from his position as a mail carrier for mistreatment of mail, for designating, as waste, deliverable mail. We affirm.
 
 OPINION
 
 2
 Vorwerk does not dispute the board's finding that he mistreated the mail. He argues that removal exceeds the maximum reasonable penalty because he did not mistreat the mail intentionally. In our view, whether or not Vorwerk's mistreatment was deliberate, removal was not an unreasonable penalty, the imposition of which amounts to an abuse of discretion. As the board stated, what Vorwerk did was in direct opposition to the mission of the service. Also as noted by the board, Vorwerk had previously received two letters of warning for failure to follow instructions, resulting in delays in handling deliverable first-class mail. Moreover, a penalty is not necessarily invalid for excessiveness because it exceeds those known to have been imposed on others for similar offenses. Schapansky v. Department of Transportation, FAA, 735 F.2d 477, 485 (Fed.Cir.), cert. denied, 469 U.S. 1018 (1984).
 
 
 3
 Furthermore, we hold that the board did not abuse its discretion in failing to order new proceedings and allow new discovery based on back issues of the Postal Bulletin. The board specifically found that the Postal Bulletin was available to Vorwerk prior to the close of the board's record, and Vorwerk has not shown the board's finding to be unsupported by substantial evidence. See 5 C.F.R. Sec. 1201.115 (1988) (board may grant petition for review based on new and material evidence not available, despite due diligence, when the record was closed). Moreover, the Postal Bulletin does not include any suggestion for lesser penalties for mistreatment of bulk mail. The Postal Bulletin contains no penalty guidelines at all, but merely instructs supervisors on how to improve the handling of bulk business mail. In any event, penalty guidelines are only one of several factors to be considered in deciding upon a penalty, and imposition of a penalty more severe than those called for by an agency's suggestive guidelines does not necessarily amount to an abuse of discretion. See Parker v. United States Postal Service, 819 F.2d 1113, 1116 (Fed.Cir.1987) (court will defer to agency's choice of penalty unless its severity is totally unwarranted in light of the relevant factors taken together).
 
 
 4
 We also reject the argument made by Vorwerk's counsel at oral argument that the absence of penalty guidelines automatically makes the penalty imposed on Vorwerk arbitrary and capricious. Absent guidelines, an agency may impose a penalty which is reasonable under the circumstances. Hunt v. Department of Health and Human Services, Social Security Administration, 758 F.2d 608, 610 (Fed.Cir.1985). The board's decision is affirmed.