Robert C. DUKES, Petitioner,

v.

UNITED STATES POSTAL SERVICE, Respondent.

No. 04–3097.

United States Court of Appeals, Federal Circuit.

April 12, 2004.

Robert C. Dukes, of Counsel, Atlanta, GA, for Petitioner.

Hillary A. Stern, Principal Attorney, Kathryn A. Bleecker, David M. Cohen, of Counsels, Washington, DC, for Respondent.

Before SCHALL, GAJARSA, and DYK, Circuit Judges.

PER CURIAM.

Robert C. Dukes petitions for review of the final order of the Merit Systems Protection Board ("Board") sustaining his removal by the United States Postal Service ("Postal Service") for unacceptable conduct based on the falsification of his employment application. *Dukes v. United States Postal Serv.*, No. AT–0752–02–0506–I–1, 2003 WL 22299927 (M.S.P.B. Sept.30, 2003) *("Final Order")*. We *affirm*.

## I. BACKGROUND

Dukes applied for employment with the Postal Service on December 19, 1983. He was hired initially as a Flat Sorter Machine Operator and, over the duration of his employment, achieved the position of Supervisor, EAS–16. The employment application filed in 1983 by Dukes contained a question, numbered 19, asking: "Are you a former federal civilian employee not now employed by the U.S. Government?" Dukes answered this question in the negative. Dukes did not otherwise indicate that he had worked for the Government when, in fact, Duke had previously worked at the Postal Service as a full-time distribution clerk from April 23, 1973 to March 29, 1974, at which time he was terminated for failure to be in regular attendance.

On July 16, 1999, Dukes filed an appeal with the Board alleging that his termination in 1974 was due to his status as a veteran. This appeal was dismissed for failure to state a claim on which relief could be granted. Dukes filed a second appeal to the Board on January 12, 2002, seeking damages for the ten years between when he was terminated from the postal service in 1974 and when he was rehired in 1984. The second appeal led to the discovery by the Postal Service that, contrary to Dukes' application, he had been previously employed by the Government, specifically, the Postal Service.

The Postal Service proposed to remove Dukes from his position on March 8, 2002, for falsification of his employment application. The Postal Service removed Dukes, effective April 19, 2002. He subsequently appealed to the Board, where an Administrative Judge sustained the removal following a hearing, finding: (1) Dukes had falsified his application in omitting his prior employment with the Postal Service;[1] (2) the Postal Service's removal of Dukes was not in retaliation for his prior appeals and equal employment opportunity claims; and (3) the penalty of removal was reason-

---

1. Although the Postal Service alleged two specifications for the charge of falsifying an employment application, the Administrative Judge sustained only one.

able. *Dukes v. United States Postal Serv.,* No. AT–0752–02–0506–I–1 (M.S.P.B. Sept.24, 2002) (*"Initial Decision"*). Dukes filed a petition for review to the full Board, which was denied on September 30, 2003. This appeal followed.

## II. DISCUSSION

By statute, a Board decision may not be set aside unless it is: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c)(2000).

The Board denied Dukes' petition for review, explaining that "there is no new, previously unavailable, evidence and that the administrative judge made no error in law or regulation that affects the outcome." *Final Order,* slip op. at 1. The Board may grant a petition for review of an initial decision only where a petitioner establishes that (1) "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed," or (2) "[t]he decision of the judge is based on an erroneous interpretation of statute or regulation." 5 C.F.R. § 1201.115(d). Dukes challenges the Board's order as giving no reasons for the Board's denial of his petition and for failing to apply any law. Dukes also cites the Board's decision in *Andrews v. United States Postal Service,* No. AT–0752–96–0354–I–1 (M.S.P.B. May 17, 1996), in support of his position that the question he was found by the Administrative Judge to have answered falsely is commonly misunderstood by Postal Service applicants. Finally, Dukes argues that a proper review of the factors set out in *Douglas v. Veterans Administration,* 5 MSPB 313, 5 M.S.P.R. 280 (1981) (*"Douglas* Factors"), requires a reduction in the penalty of removal. We address each of the arguments made by Dukes in turn.

Dukes' argument with respect to the content of the Board's order denying his petition for review is without merit. The Board's order stated that the petition was denied for failure to meet the criteria for review set forth in 5 C.F.R. § 1201.115(d). That was all that is required.

■ Turning to Dukes' second argument, falsification requires the knowing submission of wrong information with the intent of defrauding the agency. *Naekel v. Dep't of Transp.,* 782 F.2d 975, 977 (Fed. Cir.1986). As a state of mind, intent must often be proven circumstantially. *Id.* at 978. The Administrative Judge concluded that Dukes had the requisite intent to deceive the Postal Service based on his disingenuous and evasive responses to questioning during the hearing. *Initial Decision,* slip op. at 6–7. Credibility determinations by a fact-finder are "virtually unreviewable" by this court. *Hambsch v. Dep't of Treasury,* 796 F.2d 430, 436 (Fed. Cir.1986).

Dukes has submitted the *Andrews* case in support of his position that he lacked the requisite intent. In *Andrews,* the Board found that an individual employed by the Postal Service had not falsified his application for employment by incorrectly answering "no" to the same question of previous Government employment. *Andrews,* slip op. at 4. The facts of *Andrews,* however, are inapplicable here. In *Andrews,* although the employee had incorrectly answered the question, he had indicated in an earlier question on the application that he had been previously terminated by the Postal Service. *Id.* at 6. The Administrative Judge in *Andrews* concluded from the inconsistent answers that the employee had simply misread the question and found his responses to questioning at the hearing to be "both reasonable and credible." *Id.* at 7. In contrast, the Administrative Judge here found

Dukes' responses to be "disingenuous" and "evasive." *Initial Decision,* slip op. at 10. While *Andrews* may suggest that question 18 could be worded more clearly, it does not undermine the Administrative Judge's findings that Dukes intentionally omitted his prior employment with the Government. Consequently, the Administrative Judge's finding that Dukes falsified his employment application is supported by substantial evidence.

■ Dukes next asserts that he was not given a fair opportunity for a hearing due to the fact that union representatives who were present during his oral response before the agency were called to testify before the Administrative Judge. During the hearing, according to Dukes' petition to the Board for review, his representatives were called as witnesses and "questioned intensely." We agree with the Government that this is unusual, but also can find no regulation that has been violated by the practice and Dukes has not identified one. Accordingly, we cannot conclude that it is inconsistent with "law, rule, or regulation."

■ Dukes also argues that the deciding official was predisposed to decide against him in retaliation for his prior appeals to the Board. The deciding official in Dukes' case was also the subject of an earlier equal employment opportunity complaint filed by Dukes alleging discrimination in promotion. *Initial Decision,* slip op. at 9. The Administrative Judge considered Dukes' argument and concluded that Dukes had failed to establish a prima facie case of retaliation because he had submitted no evidence of a "genuine nexus between the protected activity and the adverse employment action." *Initial Decision,* slip op. at 8. *See also Webster v. Dep't of Army,* 911 F.2d 679, 689 (Fed. Cir.1990).

To make out a prima facie case of retaliation, a petitioner must show that "(1) a protected disclosure was made, (2) the accused official knew of the disclosure, (3) retaliation resulted, and (4) there was a genuine nexus between the retaliation and petitioner's removal." *Hagmeyer v. Dep't of Treasury,* 757 F.2d 1281, 1284 (Fed.Cir. 1985). Like intent, the nexus requirement for retaliation is often demonstrated through circumstantial evidence. *Webster,* 911 F.2d at 689–90. While here, the Administrative Judge might have inferred a causal nexus between the protected activity and the adverse employment action based on the retaliatory motive of the deciding official, such an inference is not required on this record. "Retaliatory motive does not, ipso facto require a finding of causation." *Id.* at 690. Dukes identifies no evidence aside from the potential motive of the deciding official to support his assertion of retaliation, and the Administrative Judge was not required to draw the inference Dukes requests based on motive alone.

■ Lastly, Dukes challenges the reasonableness of the penalty assessed by the Postal Service. After upholding only one of the two specifications of the Postal Service's charge against Dukes, the Administrative Judge evaluated the penalty under the *Douglas* Factors. The Administrative Judge recounted the testimony of the deciding official regarding the seriousness of the offense and its bearing on Dukes' character (factor 1), Dukes' supervisory position (factor 2), the deciding official's lack of confidence in Dukes' ability to perform his supervisory functions (factor 5), the lack of any rehabilitative potential (factor 10), and the unavailability of any lesser penalty in light of the seriousness of the offense (factor 12), and agreed with the Postal Service's determination that the penalty was reasonable.

"Determination of an appropriate penalty is a matter committed primarily to the

352

sound discretion of the employing agency." *Hunt v. Dep't of Health & Human Servs.,* 758 F.2d 608, 611 (Fed.Cir.1985). As a result, the Board's review of an agency's choice of penalty is limited "to assur[ing] that the agency did conscientiously consider the relevant factors and did strike a responsible balance within tolerable limits of reasonableness." *Douglas,* 5 M.S.P.R. at 332–33. Our predecessor court has found the penalty of removal reasonable for the charge of falsification of documents, even in the presence of extensive Government service. *See Brewer v. United States Postal Serv.,* 227 Ct.Cl. 276, 647 F.2d 1093, 1098 (1981) (upholding removal of employee with 27 years of Government service for falsification of time cards). The Administrative Judge's opinion demonstrates that the deciding official considered the severity of the penalty in this case under the relevant *Douglas* factors, and that the Administrative Judge reapplied those factors himself in upholding the penalty as reasonable. We find no basis for reversal of the Administrative Judge's conclusion.

## III. CONCLUSION

The Administrative Judge's decision is not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedure required by law, rule, or regulation having been followed; or unsupported by substantial evidence, and Dukes has not identified any newly discovered evidence that required the Board to grant his petition for review under 5 C.F.R. § 1201.115(d). Accordingly, the decision of the Board is affirmed.

No costs.