NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3257

LARRY N. VITATOE,

Petitioner,

v.

GENERAL SERVICES ADMINISTRATION,

Respondent.

_____

DECIDED: April 7, 2005

_____

Before MICHEL, Chief Judge, RADER and LINN, Circuit Judges.

PER CURIAM.

Larry N. Vitatoe petitions for review of the final decision of the Merit Systems Protection Board ("Board") sustaining his removal by the General Services Administration ("Agency") for misconduct. Vitatoe v. Gen. Services Admin., No. DA-0752-02-0582-I-2 (M.S.P.B. Mar. 9, 2004) ("Final Decision"). Because the charge against Vitatoe was supported by substantial evidence, and both the Agency and the Board considered the relevant factors in determining the reasonableness of the penalty, we affirm.

## I.    BACKGROUND

Vitatoe was employed as an Information Technology Representative, GS-13, with the Agency's Federal Telecommunications Service, Greater Southwest Region, located in New Orleans, Louisiana. Vitatoe v. Gen. Services Admin., No. DA-0752-02-0582-I-2 (M.S.P.B. Mar. 31, 2003) ("Initial Decision"). In April 2002, Vitatoe was serving as a Technical Representative on task MC17123T2, a "services task for the Naval Reserve Recruiting Command in New Orleans." Id., slip op. at 2. Following the issuance of a request for proposal, three contractors timely filed proposals. Vitatoe was assigned to review the three submitted proposals and to evaluate each contractor's past performance. Two of the bidding contractors listed Jan Brandon at the U.S. Army Corp of Engineers as a reference for their past performance. Although Vitatoe attempted to contact Brandon by telephone, he never spoke with her directly or via any other means of communication. Id. Instead, he spoke by telephone with Tina Harris, one of Brandon's subordinates, who declined to provide past performance scores for the two bidders, stating that Brandon was the appropriate person to give such information. Vitatoe, nevertheless, provided past performance scores that he represented as originating from the U.S. Army Corp of Engineers to the Contracting Officer for task MC 17123T2. On June 17, 2002, the Agency removed Vitatoe from his position for fabricating these scores. On November 7, 2002, Vitatoe timely appealed his removal to the Board.

Before the Board, Vitatoe withdrew his request for a hearing. The Administrative Judge thus decided his appeal based upon the written evidence of record, which included declarations from Brandon and Harris. Initial Decision, slip op. at 3-4. The

04-3257                                         2

Administrative Judge sustained the Agency's charge of misconduct and determined that removal was fully warranted. Id., slip op. at 2. The Administrative Judge noted that Vitatoe had served for over twenty-seven years in federal service and had been disciplined for negligence in carrying out his duties on two prior occasions. Id., slip op. at 8. The Administrative Judge also noted that although the Agency's deciding official did not believe Vitatoe's actions were malicious or for personal gain, they effectively destroyed the trust and confidence she had placed in him. Based upon this evidence, the Administrative Judge concluded that Vitatoe's pattern of evading responsibility reflected a poor rehabilitative potential. Id., slip op. at 9. The Administrative Judge thus upheld the removal.

Vitatoe petitioned the full Board for review of the Initial Decision. Concluding that Vitatoe had not shown any new, previously unavailable evidence or that the Administrative Judge made an error in law or regulation that affected the outcome of the appeal, the full Board declined to review Vitatoe's appeal, thereby rendering the Initial Decision final. Final Decision, slip op. at 2.

Vitatoe timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

Congress has expressly limited the scope of our review in an appeal from the Board. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Ellison v. Merit Sys.

Prot. Bd., 7 F.3d 1031, 1034 (Fed. Cir. 1993). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Jacobs v. Dep't of Justice, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting Consol. Edison Co. v. Nat'l Labor Relations Bd., 305 U.S. 197, 199 (1938)).

On appeal, Vitatoe contends that the Administrative Judge committed multiple factual errors in sustaining the misconduct charge. Vitatoe claims that all errors are directed to the Administrative Judge's failure to appreciate that (1) the communication he submitted to the Contracting Officer was not a final product, but instead simply a draft; and (2) he planned to verify the scores with Brandon. In Vitatoe's own words, "it was a draft, a draft, a draft, based on information that had yet to be verified." As support for his contention, Vitatoe claims that his communication to the Contracting Officer stated that he sought "review and comment." Vitatoe also points out that Harris stated that Brandon would return his call.

We conclude that the charges against Vitatoe were supported by substantial evidence. The record establishes that Vitatoe knowingly submitted fabricated past performance scores for two bidders. Harris swore that she spoke with Vitatoe and refused to supply him with the requested scores, instead offering to have Brandon return his call. Nevertheless, Vitatoe wrote the communication to the Contracting Officer five days later without ever having spoken with Brandon. Vitatoe's use of the words "review and comment," we conclude, in no way connote that his communication to Brandon was a draft, pending confirmation from Brandon. Rather, these words merely seek a response from the recipient of the communication. In any event, even if

a mere draft, the communication contained fabricated scores and false attribution. Hence, as the Administrative Judge explained in his decision, "[r]egardless of the reason, in supplying technical evaluation data under such false pretenses, [Vitatoe] engaged in 'misconduct . . . that impairs that trustworthiness of the employee.'" Initial Decision, slip op. at 7.

Vitatoe also appears to argue that the Administrative Judge committed legal error in sustaining the penalty of removal by not considering all of the relevant mitigating factors. In reviewing the appropriateness of an agency-imposed penalty, the Board must first ascertain that the Agency considered the relevant twelve factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981). Hayes v. Dep't of Navy, 727 F.2d 1535, 1540 (Fed. Cir. 1984). Then the Board itself must make findings on these factors. Although the Board need not make findings on factors that are not relevant, "failure to consider a significant mitigating circumstance constitutes an abuse of discretion." Van Grossen v. Dep't of Housing & Urban Dev., 748 F.2d 1579, 1581 (Fed. Cir. 1984). "This court will not disturb the agency's choice unless the severity of its action appears totally unwarranted in light of the relevant factors." DeWitt v. Dep't of Navy, 747 F.2d 1442, 1445 (Fed. Cir. 1984) (citing Brewer v. U.S. Postal Serv., 647 F.2d 1093, 1098 (Fed. Cir. 1981)). "Whether this court would have chosen a different penalty is irrelevant." Webster v. Dep't of Army, 911 F.2d 679, 686 (Fed. Cir. 1990) (citing Hunt v. Dep't of Health & Human Services, 758 F.2d 608, 611 (Fed. Cir. 1985)).

Here, Vitatoe fails to specify any particular Douglas factor that he believes was ignored and that weighs in favor of imposing a lesser penalty. Our review of the record indicates that the Board considered all the relevant factors, particularly mitigation and

rehabilitation. The Administrative Judge noted that Vitatoe had been employed for over twenty-seven years in federal service and had been previously disciplined on two prior occasions for negligence in carrying out his assignments, receiving an office reprimand in 2001 and a five-day suspension in 2002. The Administrative Judge adopted the deciding official's view that Vitatoe's prior infractions, coupled with the present misconduct, showed a persistent "'neglect of duty.'" Initial Decision, slip op. at 8. The Administrative Judge further observed that the deciding official determined that the multiple infractions by Vitatoe destroyed her trust and confidence in him to perform his job as a technology representative. The Administrative Judge thus determined that Vitatoe exhibited a very low rehabilitation potential. Because the record shows that the Board considered the relevant factors in assessing the appropriateness of the penalty, and the penalty of removal was not unreasonable, we decline to find an abuse of discretion. Accordingly, for the foregoing reasons, Board's decision is affirmed.