NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3248

LEON SINGLETON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

Leon Singleton, of San Antonio, Texas, pro se.

William P. Rayel, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3248

LEON SINGLETON,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  December 6, 2007

_____

Before RADER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Leon Singleton appeals the final decision of the Merit Systems Protection Board ("Board") denying his petition for review of the initial decision of the administrative judge affirming his removal by the United States Postal Service ("Postal Service").  <u>Singleton v. U.S. Postal Serv.</u>, No. DA0752060567-I-1 (M.S.P.B. Apr. 9, 2007).  Because we find no error in the Board's decision, we <u>affirm</u>.

BACKGROUND

Mr. Singleton was employed for eight years as a Mail Processing Clerk at the Postal Service's Processing and Distribution Center in San Antonio, Texas.

In June 2003, Mr. Singleton was given a Letter of Warning for unsatisfactory attendance based on unscheduled absences between March and May 2003.

Thereafter, he was given seven-day and fourteen-day suspensions for unscheduled absences. Mr. Singleton's supervisor, Pedro Serna, met with Mr. Singleton and his union steward on March 7, 2006, to discuss his unscheduled and unapproved absences.

On April 12, 2006, Mr. Singleton was given a Notice of Proposed Removal based on fifteen days of unexcused absences between December 2005 and March 2006. Specifically, unexcused absences were recorded on December 18, 2005; January 7, 2006; January 11-21, 2006; February 1-8, 2006; and March 4, 2006. On June 28, 2006, the Plant Manager at the Processing and Distribution Center, Bruno Tristan, issued a Letter of Decision removing Mr. Singleton from his position. Mr. Singleton filed a grievance, but the grievance was denied on August 4, 2006.

Mr. Singleton also filed a timely appeal with the Board. During his testimony before the Board, Mr. Singleton averred that his absences were legitimate because he was ill. In particular, he asserted that he was sick with the flu on January 11-21 and February 1-8, 2006. Mr. Singleton submitted medical records from the Alamo City Medical Group that indicated that he received medical care on various dates from 2002 to 2006. None of the medical records indicated that he had the flu or that he received medical care on the dates specified in the June 28, 2006, Letter of Decision.

On November 29, 2006, the administrative judge issued an initial decision, finding that the Postal Service had proven the charge of unacceptable attendance by a preponderance of the evidence and sustaining the penalty of removal. Singleton v. U.S. Postal Serv., No. DA0752060567-I-1 (M.S.P.B. Nov. 29, 2006). Mr. Singleton filed a timely petition for review. On April 9, 2007, the Board issued an order denying his

petition for review making the initial decision the final decision of the Board. This appeal followed.

## DISCUSSION

Our standard of review for decisions by the Board directs us to set aside decisions found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); Haebe v. Dep't of Justice, 288 F.3d 1288, 1298 (Fed. Cir. 2002); Walls v. Merit Sys. Prot. Bd., 29 F.3d 1578, 1581 (Fed. Cir. 1994).

"Determination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." Hunt v. Dep't of Health & Human Servs., 758 F.2d 608, 611 (Fed. Cir. 1985). In determining the reasonableness of a penalty imposed by an agency, the Board generally applies the twelve Douglas factors. Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981). Removal of an employee is appropriate when it promotes the efficiency of the service. 5 U.S.C. § 7513(a); Zingg v. Dep't of the Treasury, 388 F.3d 839, 842 (Fed. Cir. 2004).

The administrative judge determined that the Postal Service had demonstrated by a preponderance of evidence that Mr. Singleton's absences were unscheduled and unapproved, and that he lacked a reasonable explanation for the absences. The administrative judge thoroughly reviewed the testimony of Mr. Tristan regarding his Letter of Decision and application of the Douglas factors to Mr. Singleton's case. The administrative judge concluded that Mr. Tristan had acted reasonably in determining

that removal was an appropriate penalty and that Mr. Singleton's removal promoted the efficiency of the service.

On appeal, Mr. Singleton argues that the Board erred in its analysis by not recognizing that the Postal Service committed procedural errors by giving him the Notice of Proposed Removal on the last day of his Tour 1 shift and by not granting his request for a union steward. Mr. Singleton, however, does not explain how either was a procedural violation and provides no evidence to show that the Board likely would have reached a different conclusion had either alleged procedural error not been committed. 5 C.F.R. 1201.56(c)(3) (2006). Mr. Singleton next argues that the Board erred in not considering documentation that was not available at the hearing; however, the Board cannot be required to consider evidence that is not before it. Finally, Mr. Singleton contends that the Postal Service committed procedural error by refusing to negotiate with him after the Letter of Decision issued. Specifically, he avers that although Mr. Tristan suggested that he meet with Sarah Mock in Human Relations for alternative dispute resolution, Ms. Mock would not meet with him. This issue was, however, not raised before the administrative judge and therefore the court need not consider it. Bosley v. Merit Sys. Prot. Bd., 162 F.3d 665, 668 (Fed. Cir. 1998).

We find that the Board properly applied the Douglas factors to Mr. Singleton's case and determined that the removal action by the Postal Service was reasonable and would promote the efficiency of service. We find no error in the Board's analysis.

CONCLUSION

For the foregoing reasons, we affirm the decision of the Board.

No costs.