NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3075

SHIRLEY C. ALBRITTON,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Shirley C. Albritton, of Pine Lake, Georgia, pro se.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3075

SHIRLEY C. ALBRITTON,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Appeal from the Merit Systems Protection Board in case no. AT-0752-07-0635-I-1.

_____

DECIDED: April 14, 2008

_____

Before GAJARSA, Circuit Judge, ARCHER, Senior Circuit Judge, DYK, Circuit Judge.

PER CURIAM

Petitioner Shirley C. Albritton petitions for review from the final decision of the U.S. Merit Systems Protection Board ("Board") affirming her removal from her position as a Tax Examining Technician at the Internal Revenue Service ("IRS"). Albritton v. Dep't of the Treasury, AT-0752-07-0635-I-1 (M.S.P.B. Aug. 23, 2007). We affirm.

BACKGROUND

The IRS removed Albritton from her position for unauthorized access of taxpayer information, which is referred to by the agency as UNAX. The charge is undisputed. Albritton acknowledges that she accessed the taxpayer records at issue for personal reasons. According to Albritton she made the unauthorized accesses in an attempt to

locate her son, who suffers from bipolar disorder, and to locate the ex-husband of her niece.

The IRS has a strict policy against UNAX, and employees undergo regular training in which they are informed that unauthorized access of taxpayer information violates the IRS Rules of Conduct and federal law. See Taxpayer Browsing Act, Pub. L. No. 105-35, 11 Stat. 1104 (1997) (codified at 26 U.S.C. § 7213) (making unauthorized inspection of federal tax returns by federal employees a crime); IRS Guide to Penalty Determinations, UNAX Penalty Determinations (effective date Nov. 1, 2002) (stating that penalty for unauthorized access of tax return records without the taxpayer's knowledge is removal). Albritton repeatedly signed statements indicating that she had attended briefings on the IRS's UNAX policy and that she understood that "willful unauthorized access or inspection of tax returns and return information can result in severe penalties including . . . dismissal from employment."

The IRS concluded that Albritton's admitted conduct "seriously impairs the efficiency of the Federal Service," noting that "each instance of unauthorized access to and/or disclosure of taxpayer information could erode the public's confidence in the IRS and our ability to fairly administer the tax laws while safeguarding a taxpayers rights." The agency took into consideration Albritton's claim that a medical condition caused her to make the unauthorized access, but found after considering all the relevant factors that "removal will promote the efficiency of the Federal service and that a lesser penalty would be inadequate." Albritton appealed the decision to the Board. The administrative judge affirmed the removal, finding that the agency's deciding official had considered the appropriate factors under Douglas v. Veterans Admin., 5. M.S.P.R. 280 (1980), and

that the penalty imposed was within the bounds of reasonableness. Albritton did not appeal the initial decision to the full Board, and it became final. We have jurisdiction under 28 U.S.C. § 1295(b)(9).

## DISCUSSION

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 7703(c)(1). The Board's findings of fact must be supported by substantial evidence. § 7703(c)(2).

In her petition to this court, Albritton continues to admit her wrongdoing. The only issue presented is whether the Board imposed an appropriate penalty. "Determination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." Hunt v. Dep't of Health & Human Servs., 758 F.2d 608, 611 (Fed. Cir. 1985). Accordingly this court "cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness." Dominguez v. Dep't of Air Force, 803 F.2d 680, 684 (Fed. Cir. 1986).

Congress has made clear that the unauthorized access to tax payers records is a serious offense. 26 U.S.C. § 7213. Albritton was aware of the IRS policy concerning UNAX and knew that any unauthorized access to taxpayer records without the taxpayer's permission could result in her removal. While Albritton argues that she only made the unauthorized accesses in order to help her niece and find her ill son, the Board did not err in concluding that her personal motives did not mitigate the

3

significance of her violation of IRS rules of conduct, nor change the reasonableness of the penalty imposed.

Albritton also argues that the penalty was unreasonable because other similarly situated employees did not receive the same penalty for similar conduct and that she was singled out because she threatened to report illegal conduct to the IRS Commissioner. The Board found that there were "compelling differences" between Albritton's situation and that of the allegedly similarly situated employee and also concluded that the allegation of a disparate penalty did not provide a basis for reversal or mitigation because the punishment was appropriate to the seriousness of the misconduct. See Fearon v. Dep't of Labor, 99 M.S.P.R. 428, 434 (2005). We detect no error in these rulings.[1]

As we agree with the Board that the agency's penalty was well within the bounds of reasonableness, the Board's decision is affirmed.

---

[1] To the extent that Albritton is attempting to raise a claim under the Whistleblower Protection Act, 5 U.S. C. § 1211 et seq., this claim is not properly before us. Albritton has not alleged that she exhausted her administrative remedies before the Office of Special Counsel, see Briley v. National Archives & Records Admin., 236 F.3d 1373, 1377 (Fed. Cir. 2001) ("Under 5 U.S.C. § 1214(a)(3), an employee is required to 'seek corrective action from the Special Counsel before seeking corrective action from the Board.'"), nor did she raise the claim before the Board, see Synan v. Merit Systems Protection Bd., 765 F.2d 1099, 1101 (Fed. Cir. 1985) ("Petitioner cannot raise before this court an issue which could have been raised below but which was not.").

4