NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FREDERICK S. MOSLEY,**
*Petitioner,*

v.

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2012-3182

---

Petition for review of the Merit Systems Protection Board in No. AT0752110939-I-1.

---

Decided: January 15, 2013

---

FREDERICK S. MOSLEY, Panama City, Florida, pro se.

MICHAEL D. SNYDER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

---

Before NEWMAN, BRYSON, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

## DECISION

Frederick S. Mosley appeals the order of the Merit System Protection Board affirming the decision of the United States Postal Service to remove him from federal employment. We affirm.

## BACKGROUND

A Postal Service employee since 1986, Mr. Mosley had been detailed to the Panama City, Florida, North Side Station as a supervisor for customer service since May 2010. His employment was terminated following a December 2010 incident in which the Postal Service discovered that Mr. Mosley had obtained and used a Publix gift card, worth $25, that had been stored as undeliverable accountable mail. The gift card had been left inside a greeting card, which was placed on top of other greeting cards in a padlocked cart. The other greeting cards contained an Applebee's gift card and a total of $55 in cash, none of which was taken. On January 26, 2011, a fellow Postal Service employee, preparing to send the undeliverable mail to an Atlanta office, opened the greeting card and noticed that the gift card was missing. The key to the padlocked cart containing the undeliverable accountable mail was widely known to be located in an unlocked drawer in the office, which was accessible to many Postal Service employees. The coworker reported the lost gift card to Mr. Mosley, who told her to report the incident to Mr. Mosley's immediate supervisor.

The Postal Service's Office of Inspector General ("OIG") commenced an investigation into the gift card's

whereabouts. Using the Publix gift card receipt and a surveillance videotape, an OIG investigator determined that Mr. Mosley had cashed the gift card. When questioned, Mr. Mosley claimed the card had been left on the supervisor's desk, where he sat. He said that he assumed the gift card was a gift from his subordinates. According to the OIG investigator, Mr. Mosley initially claimed that the gift card was inside a greeting card, and a sticky note with his name was attached to it. Later in the same interview, however, Mr. Mosley told investigators that he found the greeting card, with the gift card inside, in a white envelope with his name written in blue ink. When confronted with the inconsistency in his statements, Mr. Mosley denied that he had ever told the investigators that the gift card was attached to a sticky note.

Mr. Mosley stated further that he displayed the greeting card on the supervisor's desk, along with another greeting card containing a gift card from Home Depot that he had received from coworkers. Mr. Mosley denied knowing the Publix gift card's value before he cashed it. (The dollar amount was not printed on the card.) He also stated that he had discussed the gift card with a fellow supervisor who was temporarily stationed at the Panama City facility, and he claimed that she had told him to keep the gift card because it had his name on it.

The Postal Service issued a notice of proposed removal based on charges that Mr. Mosley had engaged in improper conduct and had made false statements to investigators in the course of the investigation. The latter charge contained three specifications: (1) falsely stating that he had found the gift card on his desk; (2) falsely stating that he had discussed whether to keep the card with the temporary supervisor; and (3) falsely stating that the coworker who discovered that the gift card was miss-

ing had not told him that the gift card had been stored in the undeliverable accountable mail. The Postmaster subsequently issued a decision sustaining both charges and removing Mr. Mosley from his position. Mr. Mosley later pleaded no contest to a charge of petit theft of the gift card and was sentenced to six months' probation and a fine. He appealed the Postmaster's decision to the Board.

During a hearing before a Board administrative judge, the OIG investigator testified about Mr. Mosley's inconsistent statements with respect to how he found the gift card. The temporary supervisor who shared the supervisor's desk with Mr. Mosley also testified that she had not seen the Publix gift card displayed on the desk but that she recalled seeing the Home Depot gift card. The station manager at the office also testified that he never saw the card displayed on the supervisor's desk.

The administrative judge found the testimony of the OIG investigator, the station manager, and the temporary supervisor to be credible and found that there was no evidence any Postal Service employee had a bias against Mr. Mosley or any reason to trick him into using the gift card. Moreover, the administrative judge found that even if Mr. Mosley had received the gift card from subordinates, his acceptance of the card was improper because it exceeded $10 in value and thus he could not accept it under Postal Service ethics rules. Although the card's value was not printed on it, the administrative judge stated that it was Mr. Mosley's responsibility to determine the value of any gift before accepting it. The administrative judge also found that Mr. Mosley's explanation for how he acquired the gift card was not credible, and that his demeanor during his testimony was evasive. The administrative judge concluded that Mr. Mosley had

made false statements with the intent to deceive investigators and the Postal Service. Therefore, the administrative judge sustained the charge of improper conduct and the first two false statement specifications. However, the administrative judge found the evidence insufficient to prove the third specification, charging Mr. Mosley with making a false statement when he denied being told that the gift card had been in the undeliverable accountable mail.

The administrative judge further held that removal was a permissible sanction because Mr. Mosley's false statements implicated his duties as a supervisor and had an adverse impact on the Postal Service's mission. He found that Mr. Mosley had made false statements concerning how he had acquired property that had been entrusted to the Postal Service's care, and that this misconduct threatened the integrity of the mail system. The administrative judge also found that Mr. Mosley's offense was serious, that the Postal Service had lost trust in him due to his false statements, and that he displayed no remorse. On Mr. Mosley's petition for review, the full Board noted that the Board had "long viewed any misconduct involving interference with the mail as going directly to the heart of the Postal Service's mission," and that there was no basis to disturb the administrative judge's finding that the penalty of removal was within the tolerable limits of reasonableness. Mr. Mosley now appeals to this court.

## DISCUSSION

Mr. Mosley first challenges the sufficiency of the Postal Service's evidence against him. In cases in which the petitioner argues that the evidence on which the Board relied was insufficient, we are required to uphold

the Board's decision if it is supported by "substantial evidence," i.e., the amount of evidence that a reasonable person "'might accept as adequate to support a conclusion.'" *Haebe v. Dep't of Justice*, 288 F.3d 1288, 1298 (Fed. Cir. 2002), quoting *Brewer v. United States Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981); *see* 5 U.S.C. § 7703(c)(3).

Applying that standard, we hold that substantial evidence supports the Board's decision. First, Mr. Mosley was discovered to have possessed and used the gift card. Second, the administrative judge found that his explanation of how he obtained the gift card was not credible. Third, the OIG investigator testified that Mr. Mosley had changed his story concerning how he acquired the gift card, and the Board credited that testimony. The Board also credited the testimony of the temporary supervisor and the station manager, which contradicted Mr. Mosley's claim that he displayed a greeting card that supposedly contained the Publix gift card, or that he was assured that he could keep the gift card because it had his name on it. Credibility judgments are entrusted to the Board's discretion. *Haebe*, 288 F.3d at 1298-1302; *Jackson v. Veterans Admin.*, 768 F.2d 1325, 1332 (Fed. Cir. 1985). The administrative judge's credibility findings were sufficient to sustain both charges, especially because Mr. Mosley failed to produce any witness who recalled seeing the card displayed on the supervisor's desk. In the alternative, the evidence supports the administrative judge's finding that, even if Mr. Mosley did not personally take the gift card from the undeliverable accountable mail, he at least received a gift in an amount exceeding $10 without ascertaining its value, and then made false statements to investigators regarding how he had obtained an item from the mail that had been entrusted to the Postal Service.

Before this court, Mr. Mosley repeats the same version of events that the administrative judge found not to be credible. He argues that the employee in charge of the undeliverable accountable mail was responsible for keeping track of the gift card on a daily basis but did not discover that it was missing until January 26. Because the gift card was cashed on January 8, Mr. Mosley argues that he was accused of wrongdoing to conceal the fact that the Postal Service lost track of the gift card for at least 18 days (and, by his account, since the December holidays). His accusations, however, fail to address how he obtained the gift card in the first place, and in particular why any employee would have taken it from the undeliverable accountable mail and then presented it to him as a holiday gift.

Mr. Mosley also states that the OIG investigators took no notes during his interview, and he denies changing his story regarding whether the gift card was in an envelope or attached to a sticky note. The administrative judge credited the testifying OIG investigator's account of the interview, however, and Mr. Mosley does not explain why the OIG would falsely or mistakenly claim he had changed his story. Importantly, the investigators confronted Mr. Mosley with the inconsistency in his statements as soon as he made them. The investigators' memory was therefore fresh, and their reaction presumably well founded.

Mr. Mosley also notes that the undeliverable accountable mail included $55 in cash that was not stolen. He asserts that he would not have stolen the gift card but left the currency, which would have been untraceable. However, the Publix gift card was at the top of the pile in the cart that stored the undeliverable accountable mail. The other valuable items were contained within separate gift

cards. It is reasonable to suppose that someone taking the Publix card may not have looked inside the other cards, or might have feared that two missing items would be more readily noticed. And even if Mr. Mosley simply found the gift card on his desk, he does not explain why he was justified in accepting such a gift under the Postal Service's ethics rules. In sum, Mr. Mosley's contentions as to the flaws in the case against him cannot overcome the Board's credibility determinations, the undisputed fact that he possessed and used the card, and his inability to offer evidence tending to exonerate him.

Mr. Mosley also argues that removal is too harsh a penalty for his offenses. We have consistently held that determining the appropriate penalty for an employee's misconduct "'is a matter committed primarily to the sound discretion of the employing agency.'" *Beard v. Gen. Servs. Admin.*, 801 F.2d 1318, 1322 (Fed. Cir. 1986), quoting *Hunt v. Dep't of Health and Human Servs.*, 758 F.2d 608, 611 (Fed. Cir. 1985). We reverse a decision of the Board upholding an agency's penalty decision only if the penalty "exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" *Gonzales v. Def. Logistics Agency*, 772 F.2d 887, 889 (Fed. Cir. 1985), quoting *Villela v. Dep't of the Air Force*, 727 F.2d 1574, 1576 (Fed. Cir. 1984). Mr. Mosley has not satisfied that exacting standard in this case.

Mr. Mosley points out that the gift card had a value of only $25, that he had served for more than 25 years in the Postal Service with a largely unblemished record, and that he is a veteran. Mr. Mosley cannot benefit from the small value of the card, however, because he admits that he did not know the card's value until he used it in January. The administrative judge noted the length of Mr.

Mosley's career in the Postal Service but determined that the threat his conduct posed to the integrity of the mail, along with his lack of remorse and the Postal Service's loss of trust in him, justified removal. Under these circumstances, we conclude that the Board did not abuse its discretion in finding that this misconduct reasonably warranted separation.

No costs.

**AFFIRMED**