NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3023

TODD M. JACK,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

_____

DECIDED:  April 11, 2005

_____

Before LOURIE, BRYSON, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Todd M. Jack petitions for review of the final decision of the Merit Systems Protection Board, Docket No. DC-1221-03-0567-W-1, dismissing his Individual Right of Action ("IRA") appeal for lack of jurisdiction.  We <u>affirm</u>.

BACKGROUND

Mr. Jack is a patent examiner with the United States Patent and Trademark Office ("PTO").  In February 2000, Mr. Jack alleged to the Federal Bureau of Investigation that he had been approached by other employees of the PTO who proposed that he join them in a scheme to sell patents and perform patent searches for

persons outside the PTO for cash payments. In February 2001, Mr. Jack made the same allegations to a congressional office. In addition, he alleged that two PTO employees had accessed his e-mail, bank, and credit accounts. In April and May 2001, Mr. Jack informed the Identity Theft Division of the United States Secret Service that one of those employees had changed his ATM access code, and that another had switched the contact phone number associated with his bank account to that employee's cell phone number. Later in May 2001, Mr. Jack alleged to the Naval Criminal Investigative Service that employees of the PTO were accepting cash for granting and transferring patents. He also again alleged that PTO employees had stolen his identity by breaking into his e-mail, bank, and credit accounts. In June 2001, he made the same allegations to Department of Commerce security officers. In addition, he alleged that PTO employees were accepting cash for performing unauthorized patent searches. Later in June 2001, Mr. Jack made identical allegations to the Office of Inspector General and to PTO security officers. In August 2001, Mr. Jack reported to the Navy Criminal Investigation Service that other PTO employees had stolen his identity. Mr. Jack made identical or similar allegations in April 2002 to the Veterans Employment and Training Service in the Department of Labor, and in August 2002 to another congressman's office.

On April 8, 2002, Mr. Jack's supervisor gave him a memorandum confirming an oral warning that his performance was unacceptable and giving him an opportunity to improve. The next day, the supervisor reported an incident with Mr. Jack, and as a result Mr. Jack was placed on a two days' administrative leave. On July 30, 2002, Mr. Jack's second-level supervisor proposed that Mr. Jack be removed "for (1) Harassing

and threatening behavior exhibited toward your supervisor and co-workers; (2) Making false statements concerning another employee; (3) Creating a hostile work environment; and (4) Inappropriate behavior in the workplace." The Deputy Commissioner for Patent Operations issued a decision on January 6, 2003, sustaining all of the charges, but reducing the proposed removal to a 120-day suspension effective January 7, 2003.

On October 11, 2002, Mr. Jack filed a complaint with the Office of Special Counsel ("OSC") alleging that on June 20, 2001, "security provided false information to the [inspector general] insinuating that I was a criminal" in reprisal for the disclosure he made to the Office of Inspector General. He also alleged that the Commerce Department had placed him on administrative leave and had subsequently proposed to remove him because of the disclosure he had made to the Veterans Employment and Training Services. After the OSC issued its preliminary response, Mr. Jack submitted a letter proposing to amend his complaint to include claims of retaliation consisting of the denial of his within-grade pay increase and the 120-day suspension. On March 26, 2003, the OSC officially notified Mr. Jack that it was terminating its investigation of the original complaint and that he could seek review by the Board of the charges in that complaint.

Mr. Jack filed a Board appeal alleging that he had suffered multiple injuries in reprisal for his various disclosures: (1) harassment, vandalism of his personal property, and identity theft; (2) forced administrative leave; (3) issuance of a notice of proposed removal; (4) denial of a within-grade increase in pay; and (5) a 120-day suspension. The administrative judge who was assigned to the case found that Mr. Jack had

exhausted his administrative remedies for the allegations in his original complaint to the OSC, but that he had not exhausted his administrative remedies for the allegations in his subsequent letter to the OSC proposing to amend his complaint. The administrative judge therefore ruled that the Board had no jurisdiction over the allegations in the letter in which he proposed to amend his OSC complaint.

The administrative judge found that the only two allegations that qualified as "personnel actions" for purposes of his IRA appeal were Mr. Jack's proposed removal and his placement on administrative leave. The administrative judge also found, however, that Mr. Jack had failed to make a nonfrivolous allegation that the subject disclosures were protected whistleblowing activity and to establish that those disclosures were a contributing factor in the personnel actions taken against him. Therefore, the administrative judge dismissed the IRA appeal for lack of jurisdiction without a hearing. The full Board denied Mr. Jack's subsequent petition for review, and this appeal followed.

DISCUSSION

Mr. Jack first argues that the Board failed to consider the testimony from a hearing at a separate Board proceeding. Mr. Jack had two other cases on appeal with the Board at the time this case was pending, one challenging his 120-day suspension and the other challenging the denial of a within-grade pay increase. The Board hearing to which Mr. Jack refers was held in the appeal from the 120-day suspension. There was no hearing in the present case, and there was no requirement for the Board to consider the testimony from the other appeal when it considered whether to dismiss this case for lack of jurisdiction. For the same reason, Mr. Jack's complaints about

omissions from the tape-recorded record of the hearing in the other case are not relevant to the present case.

Mr. Jack next argues that the administrative judge failed to consider that the charges that were upheld in the appeal from the 120-day suspension "were petty & frivolous." Again, however, the merits of that appeal were not before the Board in this case, and it was therefore proper for the Board not to address in this case the issues that were presented in the other appeal.

Mr. Jack complains that the members of the full Board who acted on his petition for review were not present at the original hearing. That argument lacks merit because, among other reasons, there was no hearing in this case. There is likewise no merit to Mr. Jack's contention that he wishes his case to "be reheard in a court." This court's role in reviewing a decision of the Merit Systems Protection Board is not to "rehear" cases, but to determine whether the decision under review is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." 5 U.S.C. § 7703(c). Mr. Jack's complaints about the defects in the record in the other appeal and the failure of the Board members to be present during the hearing in that other appeal, do not demonstrate legal error of the kind necessary to overturn a ruling by the Board. Mr. Jack has therefore not identified any error in the present proceeding that would provide a basis on which this court could reverse the Board's decision in this case.

In order to be entitled to a hearing in this case, Mr. Jack needed to make a nonfrivolous allegation, supported by affidavits or other evidence, that the Board had

jurisdiction over his appeal.  <u>See</u> <u>Campion v. Merit Sys. Prot. Bd</u>., 326 F.3d 1210, 1215 (Fed. Cir. 2003).  The administrative judge found that Mr. Jack failed to make a nonfrivolous allegation of jurisdiction, supported by any evidence, and therefore dismissed his case without a hearing.  Mr. Jack has not challenged the Board's ruling on that issue, and his procedural claims are without merit.  Accordingly, we uphold the Board's decision denying his appeal.