NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3120

TODD M. JACK,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

_____

DECIDED:  August 3, 2005

_____

Before RADER, BRYSON, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

## DECISION

Todd M. Jack appeals from the final decision of the Merit Systems Protection Board, Docket No. DC-0752-03-0556-I-1, affirming the decision of the United States Patent and Trademark Office to suspend him for 120 days.  We <u>affirm</u>.

## BACKGROUND

Mr. Jack was a patent examiner with the United States Patent and Trademark Office ("PTO"), an agency within the Department of Commerce.  The PTO charged that beginning in 1999 Mr. Jack made various false statements about his supervisors and

co-workers to other co-workers. Those statements included accusations that his supervisors and co-workers were homosexuals, that they hired Chinese homosexuals to stalk and harass him, and that they vandalized his car, bribed a bank teller to withdraw money from his checking account, broke into his home, and followed him home.

The agency also charged that beginning in January 2002 Mr. Jack behaved in an inappropriate manner and created a hostile work environment for other employees. The charged behavior included leering suggestively at another man's crotch, using offensive language aimed at a co-worker when walking by that co-worker's office, intentionally slamming objects against walls and floors to disturb a co-worker, and making disrespectful comments aimed at his supervisor when walking by the supervisor's office.

During the time frame covered by the charges against him, Mr. Jack alleges that he made a series of disclosures, alleging harassment and identity theft by those same supervisors and co-workers. He claims to have made the complaints to the Federal Bureau of Investigation, to Congressman Dana Rohrabacher's office, to the Secret Service, to the Naval Criminal Investigative Service (Mr. Jack was a member of the Naval Reserve), to Department of Commerce security personnel, and to the Department of Labor Veterans Employment and Training Services. In some of those alleged disclosures he claimed that PTO personnel were doing patent searches and granting patents in exchange for money.

In April 2002, Mr. Jack's supervisor issued him an oral admonition that, because Mr. Jack had achieved only 27 percent of his production goal for the second quarter of fiscal year 2002, he was being placed on a performance improvement plan. Mr. Jack would not accept the written confirmation of the oral admonition, so his supervisor left

the confirmation in Mr. Jack's mailbox. Mr. Jack's supervisor later found that the confirmation had been ripped in half and placed on the supervisor's desk. The next day Mr. Jack made threatening remarks to his supervisor and lunged at him, stopping short of making physical contact with him.

The agency placed Mr. Jack on administrative leave following that incident. On July 30, 2002, the agency proposed removing Mr. Jack for engaging in harassing and threatening behavior towards his supervisor and co-workers, making false statements concerning other agency employees, creating a hostile work environment for other employees, and engaging in inappropriate behavior in the workplace. After hearing Mr. Jack's oral reply and considering his written submissions, the agency sustained the charges but reduced the penalty to suspension for 120 days. Mr. Jack appealed the 120-day suspension to the Merit Systems Protection Board. In an initial decision, the administrative judge assigned to the case sustained three of the four charges and affirmed the agency's 120-day suspension penalty. Mr. Jack petitioned for review of the initial decision to the full Board. When the full Board denied his petition, the initial decision of the administrative judge became the Board's final decision. This appeal followed.[1]

---

[1] Mr. Jack filed a separate Individual Right of Action ("IRA") appeal with the Board predicated on the same disclosures that form the basis for his whistleblower defense to the suspension in this case. This court affirmed the Board's dismissal of the IRA appeal. Jack v. Dep't of Commerce, 131 Fed. Appx. 285 (Fed. Cir. 2005). Mr. Jack also has pending before the Board an appeal from the denial of a within-grade pay increase.

DISCUSSION

Mr. Jack first alleges that the testimony of two witnesses, his cross-examination of those witnesses, and his closing statement are missing from the tape recording of the hearing in his case. He also alleges that the administrative judge stated that she would review the tapes of the hearing before making her decision, and that because the testimony in question was missing from the tapes, her judgment was "flawed." Mr. Jack has provided us with no basis for determining whether his assertions with regard to the tape recordings are true. In any event, however, the administrative judge's lengthy opinion contains a detailed specification-by-specification analysis that demonstrates that she carefully considered the testimony and credibility of the witnesses who testified with respect to each specification. Significantly, she found Mr. Jack's testimony to be incredible for the specifications she sustained.

Mr. Jack "bears the burden of establishing error in the Board's decision." Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998). Because his argument about the missing hearing excerpts is based only on his unsupported and general assertions, Mr. Jack has not met the burden of establishing that there were material omissions from the tape recordings of the hearing or that those omissions were sufficiently prejudicial to require that the Board's decision be overturned.

Mr. Jack next asserts that his representative failed to submit to the Board certain disclosures that he made to the Office of Special Counsel that substantiate his claims that the agency's action against him violated the Whistleblower Protection Act. The Board and this court have held that an employee is ordinarily responsible for errors committed by his attorney. See, e.g., Rowe v. Merit Sys. Prot. Bd., 802 F.2d 434, 437

(Fed. Cir. 1986). Thus, any failure by Mr. Jack's attorney to file particular materials with the Board is chargeable to Mr. Jack. In any event, however, we fail to see how Mr. Jack was harmed by his attorney's conduct, because the allegedly "missing" disclosures were of record in this case, as they were contained in the complaint that Mr. Jack filed with the Office of Special Counsel, to which the administrative judge adverted.

Mr. Jack argues that the administrative judge erred when she stated that "it appears that none of [the] offices that received information from the appellant saw fit to investigate his claims." He contends that a congressman requested an investigation of the PTO by the Government Accountability Office in response to his allegations and that the investigation took place. However, Mr. Jack does not point to any evidence that such an investigation took place, and we have no basis on which to credit his unsupported assertion to the contrary.

Mr. Jack further contends that the Board did not consider as evidence a psychological evaluation and affidavits from the Department of Defense relating to his security clearance investigation. Mr. Jack offers no evidence that those materials were tendered to the Board and were ruled inadmissible in his case. Nor does he suggest how that evidence would have been relevant to the charges against him.

Mr. Jack argues next that the Board did not allow him to raise the affirmative defense of reprisal for whistleblowing activity. We disagree. The administrative judge explained that to establish that defense, Mr. Jack needed to show by a preponderance of the evidence that he made a disclosure protected under 5 U.S.C. § 2302(b)(8) and that the disclosure was a contributing factor in the personnel action taken by the agency. 5 U.S.C. § 1221(e); see also Frey v. Dep't of Labor, 359 F.3d 1355, 1359 (Fed.

Cir. 2004); Briley v. Nat'l Archives & Record Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001). She also explained that a reasonable belief is one that a disinterested observer with the employee's knowledge of the facts could reasonably conclude was evidence of a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or substantial and specific danger to public health and safety. See LaChance v. White, 174 F.3d 1378, 1381 (Fed. Cir. 1999). The administrative judge considered Mr. Jack's disclosures to the Federal Bureau of Investigation, Congressman Dana Rohrabacher's office, the Secret Service, the Naval Criminal Investigative Service, the Department of Commerce security personnel, and the Department of Labor Veterans Employment and Training Services and concluded that Mr. Jack did not make a "nonfrivolous allegation that he engaged in whistleblowing activity." In the alternative, the administrative judge ruled that even if Mr. Jack showed that he made a protected disclosure, he failed to establish that his disclosure contributed to the agency's decision to suspend him. Accordingly, we disagree that Mr. Jack was not allowed to raise his affirmative defense.

To the extent Mr. Jack contends that the Board erred in its disposition of his defense of whistleblowing, we sustain the administrative judge's ruling rejecting that defense. Even assuming that Mr. Jack's allegations were sufficient to establish that he made protected disclosures, he has failed to overcome the administrative judge's factual finding that the disclosures did not contribute to his suspension. The administrative judge made that finding based on a plenary record, including the proceedings at the evidentiary hearing. Absent a more detailed reason for overturning that finding, we uphold it as based on substantial evidence.

Mr. Jack also complains that the Board "failed to make a connection between the actions and accusations of Gilberto Barron, his immediate supervisor, and the USERRA [Uniformed Services Employment and Reemployment Act of 1994] violations," because he claims that the Department of Labor has not yet closed its investigation of those alleged violations. As the administrative judge explained, however, "[a]n employee making a USERRA claim of discrimination bears the initial burden of showing by a preponderance of the evidence that the employee's military service was a substantial or motivating factor" in an adverse employment action. The administrative judge found it unlikely that Mr. Barron ever made a discriminatory remark about Mr. Jack's military status and that even if Mr. Barron made such a remark, Mr. Jack failed to prove that his suspension was a result of discrimination due to his military status. Not only has Mr. Jack failed to point to any evidence that there is an ongoing investigation of a USERRA violation, but he suggests no legal basis on which this court could conclude that his suspension was a result of a USERRA violation by anyone in the PTO.

Mr. Jack next contends that the Board should have mitigated his penalty because the sustained charges against him were petty and frivolous. We have held, however, that the "[d]etermination of an appropriate penalty is a matter committed primarily to the sound discretion of the employer agency." Hunt v. Dep't of Health & Human Servs., 758 F.2d 608, 611 (Fed. Cir. 1985). This court has upheld the Board's penalty of removal for employee behavior that was rude, disrespectful, and insolent. See, e.g., O'Neil v. Dep't of Hous. & Urban Dev., 220 F.3d 1354, 1364 (Fed. Cir. 2000). The administrative judge found Mr. Jack's behavior to be "rude, disrespectful, and insolent and that it fell well short of accepted standards for behavior in the workplace." The administrative

judge concluded that removal would have been a reasonable penalty for Mr. Jack's behavior and therefore affirmed the lesser penalty of suspension. Mr. Jack cites to no authority to support his claim that the charges sustained against him were petty and frivolous or that the penalty imposed was too harsh. Accordingly, we decline to hold that the Board erred by failing to reduce his penalty.

Finally, Mr. Jack complains that because the members of the Board who ruled on his petition for review were not present at the hearing before the administrative judge, they could not consider "facial expressions, changes of tone quality of one's voice, or erratic physical behavior," and their review was prejudiced by the absence of portions of the testimony from the tapes of the hearing. There is no legal authority requiring the Board members to be present during an evidentiary hearing before an administrative judge, and Mr. Jack's conclusory assertion that he was prejudiced by the alleged incompleteness of the tape recording of the hearing is insufficient to satisfy his burden to establish prejudice with the requisite specificity. Accordingly, we uphold the Board's decision sustaining Mr. Jack's 120-day suspension.