## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RONALD WYLAN GROSS, | DOCKET NUMBER |
| Appellant, | AT-0841-14-0988-I-1 |
| | |
| v. | |
| | |
| OFFICE OF PERSONNEL | DATE: March 3, 2016 |
| MANAGEMENT, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronald Wylan Gross, Morristown, Tennessee, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that he was overpaid $39,497.00 in disability annuity benefits under the Federal Employees' Retirement System (FERS) and was not entitled to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

a waiver of the overpayment.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order concerning the application of the set-aside rule, we AFFIRM the initial decision.

## BACKGROUND

¶2      By letter dated October 21, 2013, OPM informed the appellant that he had been overpaid $39,497.00 in FERS disability annuity benefits from August 1, 2008, through September 30, 2013, caused by his receipt of a retroactive award of Social Security Administration (SSA) disability insurance benefits for the same time period.  Initial Appeal File (IAF), Tab 8 at 17-18.  On November 12, 2013, the appellant requested reconsideration of the initial decision and a waiver of the overpayment.  *Id.* at 7.  On August 23, 2014, OPM issued a reconsideration decision affirming its initial decision and finding that the appellant was not entitled to a waiver of the overpayment.  *Id.* at 7-10.  OPM's decision informed the appellant that it intended to collect the overpayment in 146 monthly installments of $269.42 and 1 installment of $161.68.  *Id.* at 9.

¶3      The appellant filed an appeal with the Board.  IAF, Tab 1.  After holding a telephonic hearing,[2] the administrative judge issued an initial decision affirming OPM's reconsideration decision and finding that it was undisputed that there was an overpayment of $39,497.00.  IAF, Tab 16, Initial Decision (ID) at 1-2. Regarding the appellant's request for a waiver, the administrative judge found that the appellant was without fault in the overpayment but that he failed to establish that recovery of the overpayment would cause him financial hardship because his monthly income exceeded his allowed monthly expenses by $371.21. ID at 4-10.  In determining the appellant's monthly expenses, the administrative judge excluded $148.52 for DirecTV and $482.00 for charitable donations, which she determined were not ordinary and necessary living expenses.  ID at 7, 9-10.

¶4      The appellant has filed a petition for review in which he challenges the administrative judge's decision to exclude his expenses for DirecTV and charities in determining his ordinary and necessary living expenses.  Petition for Review (PFR) File, Tab 1 at 1-2.  He also argues that his financial situation has changed, and he now has additional monthly lawn maintenance expenses.  *Id.* at 2.  In support of his argument, he submits a June 17, 2015 letter from his doctor indicating that, as a result of his heart attack, he cannot mow the grass or perform

---

[2] A telephonic hearing in this appeal was held on December 17, 2014, ID at 1-2, but we are unable to locate the recording of the hearing.  Because the administrative judge's findings regarding the appellant's testimony are not in dispute on petition for review and the appellant does not contend that the administrative judge's characterization of his testimony differed from that which he presented at the hearing, we find that the regrettable unavailability of the recording has not prejudiced the appellant's substantive rights, and a rehearing is therefore unnecessary. *See Harp v. Department of the Army*, 791 F.2d 161, 163 (Fed. Cir. 1986) (finding remand unnecessary where the existing record was sufficient to provide meaningful review of the issues raised by the petitioner and the petitioner did not allege that any particular testimony was either misconstrued by the administrative judge or inconsistent with the record); *see also Kemp v. Department of Veterans Affairs*, 154 F. App'x 912, 914 (Fed. Cir. 2005); *Morales v. Merit Systems Protection Board*, 932 F.2d 800, 802 (9th Cir. 1991); *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 5 n.1 (2008).

any yardwork.  *Id.* at 3.  OPM has filed a response in opposition to the appellant's petition.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5        The appellant has not challenged the administrative judge's findings on the existence or amount of the overpayment, and we affirm those findings.  However, we construe the appellant's petition for review as a challenge to the administrative judge's finding that he is not entitled to a waiver of collection of the overpayment.  PFR File, Tab 1 at 1-2.  To be entitled to a waiver, an appellant must meet a two-fold test.  He must show by substantial evidence that (1) he was without fault in creating the overpayment and (2) recovery of the overpayment would be against equity and good conscience.  5 U.S.C. § 8470(b); *Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶ 7 (2010); 5 C.F.R. §§ 845.301, .307(b).

¶6        A recipient of an overpayment is without fault if he "performed no act of commission or omission that resulted in the overpayment."  5 C.F.R. § 845.302. Generally, recovery is against equity and good conscience when it would cause financial hardship from whom it is sought, the recipient can show that, because of the overpayment, he relinquished a valuable right or changed positions for the worse, or recovery would be unconscionable under the circumstances.  5 C.F.R. § 845.303.  However, individuals who know or suspect that they are receiving overpayments must set aside the amount overpaid pending recoupment.  IAF, Tab 8 at 64, *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System*, § I.C.4 (1995) (*Policy Guidelines*).  When the set-aside rule applies, recovery by OPM is not against equity and good conscience and cannot be waived absent exceptional circumstances, which do not include financial hardship.  *Id.*; *see James v. Office of Personnel Management*, 72 M.S.P.R. 211, 217 (1996).

<u>The administrative judge properly found that the appellant did not show he is entitled to a waiver of the overpayment.</u>

¶7    The administrative judge credited the testimony of the appellant and his wife that, in February 2010, the appellant notified OPM via mail of his receipt of SSA disability benefits in early 2010. ID at 2, 4. Thus, she properly found that he was without fault. IAF, Tab 8 at 61, *Policy Guidelines*, § I.B.6 (providing that individuals who accept a payment in excess of the amount to which they are entitled automatically will be found without fault, if they promptly contact OPM). The administrative judge further credited the appellant's testimony that he set aside the SSA disability benefits for 6 months while he waited for a response from OPM, and eventually, after having not heard anything from OPM, he assumed it was "a wash" and used the money to pay his bills. ID at 5. As a result, the administrative judge determined that the set-aside rule did not apply because of extreme delay by OPM and because it was not reasonable to expect the appellant to set aside the SSA disability benefits for more than 3½ years after notifying OPM of receipt. ID at 4-5.

¶8    Contrary to the analysis in the initial decision, however, the issue of whether there was an extreme delay by OPM goes to the question of whether exceptional circumstances warrant waiver despite the application of the set-aside rule. *See James*, 72 M.S.P.R. at 219. To the extent the administrative judge erred in analyzing this issue as an exception to the application of the set-aside rule, any such error did not affect the appellant's substantive rights because, as set forth below, we find that the appellant has not shown exceptional circumstances exist to warrant a waiver. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶9    OPM informed the appellant that he was required to notify it of his receipt of SSA disability benefits and explained the effect his receipt of such benefits would have on his FERS disability annuity. IAF, Tab 8 at 11-13, 15-16. OPM

further informed him that, if he were overpaid FERS disability benefits because of his receipt of SSA disability benefits, he would be required to repay this money to OPM. *Id.* at 15. The appellant testified that, after receiving the SSA disability funds, he set them aside for a period of 6 months while waiting to hear from OPM. ID at 5. In light of OPM's notice and the appellant's testimony, we find that he knew or should have known that he was receiving an overpayment because his annuity had not been reduced to account for his SSA benefits. Therefore, the set-aside rule applies and the appellant is not entitled to a waiver unless he can establish exceptional circumstances exist.[3] *James*, 72 M.S.P.R. at 217-19.

¶10        Exceptional circumstances may include, but are not limited to, cases in which: (1) there has been an exceptionally lengthy delay by OPM in adjusting an annuity; (2) OPM failed to respond within a reasonable length of time to an annuitant's inquiries regarding an overpayment; (3) OPM failed to act expeditiously to adjust an annuity in the face of specific notice; or (4) OPM was otherwise grossly negligent in handling the case. *King v. Office of Personnel Management*, 114 M.S.P.R. 181, ¶ 20 (2010). "Granting a waiver based on egregious errors or delays requires a determination that OPM's handling of a case was so offensive—so monstrously harsh and shocking to the conscience—that one's sense of equity forbids recovery." IAF, Tab 8 at 71, *Policy Guidelines*, § I.F.1.

¶11        Although the administrative judge credited the appellant's testimony that he mailed OPM notification of his receipt of SSA disability benefits in February

---

[3] Because the administrative judge improperly determined the set-aside rule did not apply, she also analyzed whether the appellant was entitled to waiver of the overpayment on the basis of financial hardship. However, as stated above, when the set-aside rule applies, recovery is not against equity and good conscience and cannot be waived absent exceptional circumstances, which do not include financial hardship. IAF, Tab 8 at 64, *Policy Guidelines*, § I.C.4; *see, e.g.*, *Hulvey v. Office of Personnel Management*, 93 M.S.P.R. 568, ¶ 8 (2003). Because we find that the set-aside rule applies, financial hardship is not a basis for waiver.

2010, OPM maintained that it did not receive such notice and that it only learned of the appellant's receipt of benefits through SSA at some later date. ID at 4; IAF, Tab 8 at 7. An adjustment to the appellant's annuity was not made until October 1, 2013. IAF, Tab 8 at 7.

¶12    Further, the appellant does not appear to contend and we do not find that OPM failed to respond within a reasonable length of time to his inquiries regarding the overpayment or otherwise was grossly negligent in handling the case. The record reflects that the appellant requested a waiver on November 12, 2013, and OPM issued a reconsideration decision on August 23, 2014. IAF, Tab 8 at 7. We find that the 9-month delay is not egregious. IAF, Tab 8 at 64, *Policy Guidelines*, § I.C.4 (stating exceptional circumstances would involve extremely egregious errors or delays by OPM, such as failure to issue a written decision within 4 years of a request for waiver). Accordingly, we find that the appellant is not entitled to a waiver.

The appellant has not shown the current recovery schedule would cause him financial hardship.

¶13    Although the appellant does not specifically request an adjustment of the payment schedule, his arguments concerning his financial situation and the disallowance of certain expenses may be so construed. PFR File, Tab 1 at 1-2. Even if an appellant is not entitled to a waiver of recovery of the overpayment, he is entitled to an adjustment of OPM's recovery schedule when he shows that recovery under that schedule would cause him a financial hardship.[4] *Wagner v. Office of Personnel Management*, 83 M.S.P.R. 355, ¶ 6 (1999); 5 C.F.R. § 845.301. OPM's regulations provide that financial hardship may be deemed to exist when the annuitant "needs substantially all of his or her current income and liquid assets to meet current ordinary and necessary living expenses and

---

[4] A showing of financial hardship warranting an adjustment in the recovery schedule is a lesser showing than the showing that would justify a waiver of the recovery of the overpayment. *Conway v. Office of Personnel Management*, 56 M.S.P.R. 82, 86 (1992).

liabilities." 5 C.F.R. § 845.304. Ordinary and necessary living expenses include rent, mortgage payments, utilities, maintenance, transportation, food, clothing, insurance (life, health, and accident), taxes, installment payments, medical expenses, support expenses for which the annuitant is legally responsible, and other miscellaneous expenses that the individual can establish are "ordinary and necessary." 5 C.F.R. § 845.305.

¶14    On review, the appellant challenges the administrative judge's decision to exclude his expenses for DirecTV and charitable donations in determining his ordinary and necessary living expenses. PFR File, Tab 1 at 1. OPM's *Policy Guidelines*, however, state that ordinary and necessary living expenses do not include charitable contributions in most circumstances. IAF, Tab 8 at 66, *Policy Guidelines*, § I.D.7. Therefore, we agree with the administrative judge that the appellant's donations are not ordinary and necessary living expenses and should be suspended during the period of repayment.

¶15    The appellant also argues that, after finding television expenses beyond basic cable are not ordinary and necessary living expenses, the administrative judge deducted $148.42 for DirecTV, but improperly failed to add in $70 for basic cable. PFR File, Tab 1 at 1. We disagree. The record reflects that the administrative judge allowed a total of $600.84 in utility expenses, including $23.48 for water, $313.99 for electric, $108.12 for basic television and expanded basic television, internet, and phone services, and $155.25 for AT&T wireless charges. ID at 7; *see* IAF, Tab 9 at 11-15. Thus, the administrative judge allowed expenses for basic cable and deducted only DirecTV expenses.

¶16    Based on the information submitted by the appellant, the administrative judge properly calculated the appellant's gross monthly income to be $5,906.00 and his approved expenses to be $5,534.79, leaving a monthly surplus of $371.21. ID at 6, 10. The administrative judge also found that the appellant did not have any savings or liquid assets. ID at 10. Although we find that the appellant's expenses were correctly calculated based on information he submitted to the

administrative judge, on petition for review, he indicates that he may have new maintenance expenses as a result of his heart condition, which now prevents him from doing yard work. PFR File, Tab 1 at 2-3. Because it appears that the appellant learned of this on June 17, 2015, after the administrative judge issued the initial decision in this case, we will consider this evidence on review. 5 C.F.R. § 1201.115(d); *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (holding that the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶17 The appellant attaches estimate quotes from several companies for mowing and yard services, ranging from $75 per mowing service to $210-300 per month, depending on the nature and frequency of the services. PFR File, Tab 1 at 4-5. We find such information alone insufficient to establish financial hardship to the extent the appellant has not explained the nature and frequency of services needed. The appellant's monthly income/expense ratio is $371.21. ID at 10. After payment of the $269.42 monthly installment, the appellant still has a monthly income surplus of $101.79 to utilize for lawn services. Thus, assuming without deciding that such expenses are ordinary and necessary, we find the appellant has not shown financial hardship warrants an adjustment of the repayment schedule. However, the appellant may submit a mid-collection request to OPM where his living expenses may be reexamined if his yard maintenance or other unanticipated expenses overwhelm his ability to meet ordinary and necessary living expenses. IAF, Tab 8 at 87, *Policy Guidelines*, § V.F.5; *see also Martin v. Office of Personnel Management*, 49 M.S.P.R. 134, 138–39 (1991) (finding that, should the appellant's financial condition change and his expenses prove overwhelming due to unanticipated medical expenses, he could make a mid-collection request to OPM for lower payments, compromise, suspension, or write off, as provided for by OPM's *Policy Guidelines*), *aff'd*, 960 F.2d 156 (Fed. Cir. 1992) (Table).

The administrative judge did not abuse her discretion concerning closing arguments.

¶18    Finally, the appellant argues that the administrative judge erred by excusing the untimeliness of the agency's closing argument.  PFR File, Tab 1 at 1. Although the agency's closing argument does appear to have been untimely filed, IAF, Tab 14 at 6, the appellant has not shown that the administrative judge abused her discretion in accepting OPM's closing argument or that he was prejudiced by OPM's late filing, *see Panter*, 22 M.S.P.R. at 282.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of

particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.