# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STUART R. HARROW,

      Appellant,

        v.

DEPARTMENT OF DEFENSE,

      Agency.

DOCKET NUMBER
PH-0752-13-3305-I-1

DATE: May 11, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stuart R. Harrow</u>, Kew Gardens, New York, pro se.

<u>Lida V. Kianoury</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

## BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant was employed by the Defense Contracting Management Agency (DCMA) in its Philadelphia, Pennsylvania office.  Initial Appeal File (IAF), Tab 1 at 7-9, Tab 4 at 24-28.  The DCMA is a component of the Department of Defense (DOD).  *Vassallo v. Department of Defense*, 122 M.S.P.R. 156, ¶ 2, *aff'd*, 797 F.3d 1327 (Fed. Cir. 2015).  DOD imposed department-wide furloughs during Fiscal Year (FY) 2013.  The furloughs resulted from the sequestration, which required across-the-board reductions in Federal spending pursuant to the Balanced Budget and Emergency Deficit Control Act, as amended, as well as from the misallocation of funds while DOD was operating under a continuing resolution and incurring unexpectedly high wartime costs.  Complete Defense Contract Management Agency Administrative Record for FY 2013 Furlough Appeals (CAR), part 1 at 1-8.[2]  The furloughs were widely imposed throughout DOD with only a few categories of exempt employees.  *Id.* at 63-67. As a component of DOD, the DCMA was required to follow the directive of the Secretary of Defense and implement the furloughs within its workforce.  *Id.* at 72.

---

[2] The CAR is a set of documents pertaining to all DCMA appeals for the 2013 sequestration furlough.  The CAR may be found on the Board's website at https://www.mspb.gov/furloughappeals/dcma2013.htm.

¶3    The agency issued the appellant a proposal notice for the furlough, which he received on May 29, 2013.  IAF, Tab 4 at 30-32.  The appellant replied to the notice and requested that the agency exempt him on the ground that the furlough would impose a financial hardship on his family.  *Id.* at 29.  The deciding official issued the appellant a decision letter on July 2, 2013, informing him that he would be furloughed for up to 11 workdays; ultimately, he was furloughed for 6 days.  *Id.* at 20-23, 26-28.

¶4    The appellant filed a timely Board appeal challenging the furlough.  IAF, Tab 1.  He questioned the legitimacy of the furlough action and argued that he should have been exempt because the resulting loss of pay would subject him to financial hardship.  *Id.* at 5; IAF, Tab 4 at 29.  He also took issue with the decision to require him to serve his furlough days on a discontinuous basis rather than on consecutive days, arguing that he might have been able to find temporary employment during the furlough days if he had been allowed to serve them consecutively.  IAF, Tab 1 at 5.  The appellant additionally challenged the agency's assertion that the furlough promoted the efficiency of the service.  *Id.*; IAF, Tab 8 at 5-13, Tab 15.  He advocated broadening the definition of "efficiency of the service" and establishing a formula by which it could be measured.  IAF, Tab 8 at 8-9, 11-13, Tab 11 at 8-27.

¶5    Originally, the appellant's appeal was consolidated with those filed by other DCMA employees assigned to the agency's Philadelphia Office, and the consolidated appeal was designated as *DCMA Phila v. Department of Defense*, MSPB Docket No. PH-0752-14-0405-I-1.  Consolidated Appeal File (CAF), Tab 3.[3]  The administrative judge directed the appellants in *DCMA Phila* to file their prehearing submissions by May 11, 2015, and to participate in a prehearing teleconference on May 18, 2015.  CAF, Tab 13.  Of the 33 persons who comprised the pool of appellants in the consolidated appeal, only the appellant in

[3] All pleadings and orders in the CAF are docketed as *DCMA Phila v. Department of Defense*, MSPB Docket No. PH-0752-14-0405-I-1.

the instant case filed a prehearing submission or participated in the prehearing teleconference. CAF, Tab 16. The administrative judge thus cancelled the hearing for the other appellants, deciding their appeals on the written record. *Id.* The administrative judge held a hearing for the appellant on June 25, 2015. IAF, Tab 15 at 1.

¶6      The administrative judge issued an initial decision finding that the agency established it had a legitimate factual basis for the furlough and that the furlough promoted the efficiency of the service. IAF, Tab 20, Initial Decision (ID) at 10. He explained that he lacked authority to change Board law regarding defining and measuring the efficiency of the service. ID at 10-11. The administrative judge further found that the appellant failed to show he was erroneously excluded from any of the categories of employees exempt from the furlough for mission-specific reasons. ID at 10. As for the appellant's contention that the furlough caused his family financial hardship, the administrative judge found that such equitable considerations would not establish a basis for finding that the furlough action was improper or that it failed to promote the efficiency of the service. ID at 11. He likewise found that the Board lacked jurisdiction over such considerations as whether the appellant might have been allowed to serve the furlough on consecutive days. ID at 11-12. The administrative judge thus affirmed the furlough action. ID at 12.

¶7      Before issuing the initial decision, the administrative judge notified the parties that the Board had experienced a significant data loss from its computer systems, and the recording of the hearing in this appeal had been lost. The administrative judge prepared for the parties a detailed 6-page Memorandum of Record Summarizing the Hearing of June 25, 2015, which set forth the issues and testimony from the hearing. IAF, Tab 15. The memorandum states that both parties reviewed the administrative judge's notes from the hearing, which were reproduced therein, and both confirmed that the notes accurately represented the testimony and closing arguments presented at the hearing. *Id.* at 1. The

administrative judge prepared the initial decision from these hearing notes. ID at 1 n.1.

¶8    The appellant filed a petition for review and a related motion to reopen discovery for the purpose of examining the Board's records. Petition for Review (PFR) File, Tabs 1, 3. The appellant argues that the administrative judge's preparation and use of the Memorandum of Record, though admirable, did not have a basis in the Board's procedures or rules. PFR File, Tab 1 at 9-11. The appellant further argues that because the Memorandum of Record was prepared only 4 days before the initial decision was issued, it was likely that the initial decision was prepared from an alternative source. *Id.* at 7. The appellant additionally asserts that the administrative judge "did not provide any details regarding the date of [the Board's data] loss, or the circumstances surrounding the loss." *Id.* at 10. He thus explains that he "invokes his right of Discovery, and requests that the [Board] provide him with the full circumstances of the 'issue involving the Merit Systems Protection Board's computer server.'" *Id.*

¶9    At the outset, to the extent that the appellant may be asserting that the loss of hearing tapes violated 5 U.S.C. § 7701(a)(1) (providing for a hearing "for which a transcript will be kept") or 5 C.F.R. § 1201.53(a) (recognizing that a hearing is ordinarily recorded by a court reporter under an administrative judge's guidance, but that "[j]udges may prepare recordings in some hearings, such as those conducted telephonically"), we disagree.

¶10   In *Harp v. Department of the Army*, 791 F.2d 161, 163 (Fed. Cir. 1986), the U.S. Court of Appeals for the Federal Circuit rejected a petitioner's claim that the unavailability of a hearing transcript constituted harmful error per se, requiring reversal of the Board's decision. The court noted that "such loss is not fatal" to the court's ability to review a Board appeal. The court analyzed several factors in its consideration of whether a fatal flaw occurred, such as whether the appellant established that he was prejudiced by the loss of the hearing transcript, whether the appellant showed that the administrative judge failed to consider or misused

any particular testimony from the hearing, and whether other evidence existed in the record that would support the administrative judge's findings. *Id.*; *see also Kemp v. Department of Veterans Affairs*, 154 F. App'x 912, 914 (Fed. Cir. 2005)[4]; *Morales v. Merit Systems Protection Board*, 932 F.2d 800, 802 (9th Cir. 1991); *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 5 n.1 (2008).

¶11        Here, we find that the appellant did not show that he was prejudiced by the absence of the telephonic hearing tapes and he did not allege that the administrative judge failed to consider or misused any particular testimony of the two approved witnesses that might have caused a different result in this case. In addition, while the hearing tapes may not have been available, the record in this case was sufficiently developed to provide a basis for a meaningful review of the issues raised by the appellant. In his summary of the prehearing conference, the administrative judge noted that, in making his decision, he would consider all of the exhibits contained in the agency files in both this case and the consolidated appeal designated as *DCMA Phila*, along with any documents attached to the appellant's petition for appeal. The administrative judge also wrote that he would consider the exhibits included in the DCMA administrative record, located at http://www.mspb.gov/furloughappeals/dcma2013.htm. Our review of the initial decision indicates that the administrative judge did just that; the initial decision contains a detailed and thorough analysis that demonstrates a careful consideration of the testimony and weighing of the evidence. ID at 1-12. In fact, the appellant failed to show that the hearing testimony was in any way different from that related by the administrative judge in the initial decision.

¶12        The appellant further suggests that the hearing itself was too informal, and a recording of the hearing would show that he had been ill-prepared to testify under

---

[4] The Board may follow a nonprecedential decision of the Federal Circuit when, as here, it finds its reasoning persuasive. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

such circumstances.  He argues that had he been able to give his prepared testimony, the outcome of the appeal may have been different.  PFR File, Tab 1 at 10-11.  He included with his petition for review a copy of the prepared testimony comprising Power Point slides and hand-written notes that he evidently was intending to provide at a more formal hearing.  *Id.* at 22-35.  The appellant's argument is unavailing.  The appellant asserted that he may have been confused by some of the administrative judge's instructions during the prehearing conference.  *Id.* at 8-9.  However, having subsequently agreed in writing that the Memorandum of Record accurately represented the hearing testimony from which the administrative judge would prepare the initial decision, *id.* at 17-21, he cannot reverse his position now in the hope that the Board will grant him the opportunity to present his testimony and arguments once more and in greater detail.

¶13    We likewise deny the appellant's motion to reopen discovery.  Discovery is the process by which a party may obtain information relevant to his case that another person or party has not already provided.  5 C.F.R. § 1201.71.  Relevant information includes information that appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  Discovery is intended to assist the parties in preparing and presenting their cases.  *Id.*  Board records pertaining to its information technology systems[5] would not assist the appellant in finding admissible evidence regarding DCMA's decision to furlough him.  Therefore, the appellant's motion is denied.

¶14    The appellant also has asked the Board to reconsider its standard set forth in *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163 (2013), for determining whether a furlough decision promotes the efficiency of the service.  PFR File, Tab 1 at 8, 11-14.  In *Chandler*, the Board deferred to agency discretion

---

[5] MSPB's Annual Report for FY 2015 explained that the agency "experienced an IT outage in late June 2015 resulting in the loss of [its] virtual IT environment and employee working and archived documents."  Annual Report for FY 2015 (Feb. 29, 2016), https://mspb.gov/about/annual_reports/MSPB_FY_2015_Annual_ Report_1275851.pdf.

regarding decisions such as allocating budgetary resources and furlough days among employees who are not similarly situated. *Chandler*, [120 M.S.P.R. 163](), ¶ 9. Instead, the Board found that the efficiency of the service determination encompassed issues relating to uniformly and consistently applying the furlough, including whether the agency used a furlough to target employees for personal reasons, or attempted to exempt certain employees from the furlough without legitimate management reasons. *Id.* The appellant asserts that the separate opinion in *Chandler*, which criticized the majority's recognition of the agency's broad discretion under the statute to impose a furlough, offered a better approach. PFR File, Tab 1 at 8. The appellant argued that the Board should expand the definition of the efficiency of the service and establish criteria by which to measure how the efficiency of the service is furthered, considering each agency's unique mission requirements. *Id.* at 12. He argues that the Board's definition is so broad as to be vague. *Id.* at 12-13.

¶15    The appellant's argument is unavailing. The appellant acknowledges that *Chandler* is the Board's current standard for analyzing whether a furlough promotes the efficiency of the service.[6] He also admits that the administrative judge followed *Chandler*. While he might criticize *Chandler* and agree with the then-Vice Chairman's separate opinion, we find his personal preferences on this issue are insufficient reason for the Board to disturb settled law.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. [5 U.S.C. § 7703](a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[6] The U.S. Court of Appeals for the Federal Circuit in *Berlin v. Department of Labor*, [772 F.3d 890](), 895 (Fed. Cir. 2014) "[found] nothing improper" in the Board's adoption of the standard set forth in *Chandler* and determined that the Board's standard was "reasonable."

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  [5 U.S.C. § 7702](b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.